IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HENRY N. HARPER,**

    **Petitioner,**

**v.**

**WARDEN, BELMONT CORRECTIONAL INSTITUTION,**

    **Respondent.**

**CASE NO. 2:14-CV-1220**
**JUDGE GREGORY L. FROST**
**MAGISTRATE JUDGE KEMP**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on Petitioner's Motion for Release, Respondent's Response in Opposition, and Petitioner's Reply.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Petitioner's Motion for Bond (Doc. 8) be **DENIED.**

In an Opinion and Order overruling the issues raised in Petitioner's first appeal, the Ohio Fifth District Court of Appeals summarized the facts and procedural history of this case as follows:

> On May 7, 2010 appellant was employed by Little Bear Construction which is owned by David Ratliff, it was Friday and a pay day. There was a disagreement at work and appellant left the work sight and went to the home of Mr. Ratliff. Appellant was anxious, excited, and argumentative.
>
> After leaving Mr. Ratliff's residence, appellant arrived at the residence of a friend, Charles Dalton, at approximately 5:30 p.m. At the Dalton residence, appellant was observed to be agitated and in possession of a black handgun.

At approximately 7:30 p.m. appellant's wife, Tina Harper, arrived home from running errands to find her husband drinking and upset. Appellant said to his wife, "Bitch, you're going to take me down there," meaning to Mr. Ratliff's residence. (T. at 287). Appellant was knocking things off the kitchen counter, breaking things, and would not calm down. Appellant knocked a frying pan off the stove and ordered Mrs. Harper to drive him to Mr. Ratliff's home. Appellant stated that he was going to "teach him a lesson." (T. at 288). Mrs. Harper drove appellant and they stopped at different places including a service station and a friend's home.

Mrs. Harper was scared and afraid of appellant. (T. at 287–288.) Appellant threatened his wife during the incident, showing her the butt of his gun while she was driving and waving the gun around next to her. Appellant gave his wife directions to the Ratliff home, telling her that if she pulled over or made a scene he would beat her head in with the gun. Appellant told his wife that he was going to "shoot up" Mr. Ratliff's truck, and when they arrived at the residence, appellant put his arm out the window and Mrs. Harper heard several gunshots.

After this incident, appellant came into contact with a friend Robert Webb, to whom he relayed the information that he had "just shot at some people." (T. at 271).

At 10:27 p.m. on May 7, 2010, the Guernsey County Sheriff's Office received a call regarding shots being fired at the residence of David Ratliff. Upon arrival at the scene, the deputies discovered several spent Winchester 9 mm casings along the roadway in front of the residence. Mr. Ratliff informed the deputies that earlier that day he had a disagreement with appellant regarding some occurrences on a job site.

At approximately 11:30 p.m. on the same night, the deputies were en route to the Sheriff's Office when they received another call regarding a man with a pistol. Upon learning that the subject of the call was appellant, the deputies went to appellant's home. Appellant was not at the residence, but his wife arrived shortly after the deputies, driving a silver

2

S–10 pickup truck. At the time of her arrival at the residence, Mrs. Harper told the deputies that she did not know the current whereabouts of appellant.

Mrs. Harper permitted the deputies to search the residence. During that search, the deputies discovered a partial box of Winchester 9 mm bullets and empty gun boxes. Also on the property, the deputies located a minivan behind a building. The hood of the van was warm as if the van had been recently driven. Mrs. Harper eventually admitted she had driven appellant to the residence of a Mr. Dalton.

Upon arriving at Mr. Dalton's residence, the deputies patted appellant down for weapons. At the Sheriff's Office, appellant submitted to a gunshot residue swab. Appellant was asleep in the holding cell and his right arm was resting underneath his body. When the deputy asked appellant for his left hand in order to conduct the gunshot residue test appellant raise his left arm straight up in the air allowing the deputy to conduct the test. When the deputy asked for his right hand, appellant did not answer or otherwise comply with the request. Appellant tested positive for gunshot residue.

Testimony was introduced at trial that appellant owned a gun and that he had it with him that night. In addition appellant acknowledged that he had been convicted of a felony about twenty-five (25) years before the night in question. Further it was acknowledged that there was no record that was attached or a part of the original case to indicate that appellant had expunged or sealed that record. However, appellant testified that he had purchased guns legally since his previous felony and had gone through records checks for those purchases. He had further passed records checks for federal employment and other jobs that he had held. Finally, appellant testified that he had asked his attorney to file and seal his record and that he thought that had been done some years before the incidents which occurred May 7, 2010 and which resulted in these charges being filed.

On May 25, 2010, appellant was indicted by the Guernsey County Grand Jury for the following:

> Having Weapons While Under Disability in violation of R.C. 2923.13, with a Firearm Specification, a felony of the third degree;
>
> Tampering With Evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree;
>
> Discharge of Firearm on or Near Prohibited Premises in violation of R.C. 2923.162, a misdemeanor of the first degree; and
>
> Kidnapping in violation of R.C. 2905.01(A)(1) and (2), with a Firearm Specification, a felony of the first degree.
>
> On October 15, 2010, the jury returned the following verdicts:
>
> GUILTY of Having Weapons While Under Disability in violation of R.C. 2923.13;
>
> NOT GUILTY of Tampering With Evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree;
>
> GUILTY of Discharge of Firearm on or Near Prohibited Premises in violation of R.C. 2923.162, a misdemeanor of the first degree; and
>
> GUILTY of Kidnapping, a felony of the second degree.
>
> On November 3, 2010, appellant was sentenced to three years imprisonment for Count 1, six months imprisonment for Count 3, two years imprisonment for Count 4, and three years imprisonment for the Firearm Specification to Count 4. The three year mandatory sentence for the Firearm Specification was ordered to be served first with all remaining prison terms to be served consecutively, for a total of eight years imprisonment.

*State v. Harper*, 2013 WL 5536938, at *1-3 (Guernsey Co. App. Oct. 2, 2013). That decision overruled Petitioner's assignments of error and affirmed his conviction. On

4

February 19, 2014, the Ohio Supreme Court declined jurisdiction to hear the appeal. *State v. Harper*, 138 Ohio St.3d 1414 (Ohio Feb. 19, 2014).

In its Opinion and Order addressing Petitioner's appeal from the denial of a post-conviction proceeding, the state court of appeals provided this further procedural history:

> On November 22, 2011, appellant filed a Motion for Sentence Reduction in the trial court. The trial court denied the Motion for Sentence Reduction via Judgment Entry filed January 10, 2012.
>
> On January 19, 2012, appellant filed a Petition for Post–Conviction Relief. Appellant, in his petition, alleged that the trial court had erred in failing to inform his wife, Tina Harper, that she did not have to testify against appellant, that his trial counsel, Lindsey Donehue, was ineffective in failing to object when appellant's wife was called as a witness against him, and that his property had been illegally searched without a search warrant. Appellant also alleged that his conviction for having weapons while under disability was based on perjured testimony from Detective Sam Williams, that Williams altered appellant's Miranda rights form, that his convictions for kidnapping and having weapons while under disability were against the manifest weight and sufficiency of the evidence, and that his trial counsel was ineffective in failing to obtain any evidence on appellant's behalf or to subpoena witnesses. The trial court denied appellant's petition pursuant to an Entry filed on January 25, 2012, finding that the same was not timely filed.
>
> Appellant then appealed from the trial court's January 10, 2012 Judgment Entry, raising the following assignments of error:
>
> "I. HAVING WEAPONS WHILE UNDER DISABILITY: IMPROPER DEGREE OF FELONY.

5

"II. PERJURY OHIO REVISED CODE 2921.11 EVIDNCE [SIC] RULE 602: DETECTIVE SAM WILLAIMS [SIC] COMMITTED PERJURY AT TRIAL UNDER OATH WHEN HE TESTIFIED THAT HE HAD A COPY OF A COMPUTERIZED CRIMINAL HISTORY ON THRE [SIC] APPELLANT HENRY N. HARPER SHOWING A 1985 FELONY CONVICTION ALSO VIOLATING EVIDENCE RULE 602.

"III. CONSECUTIVE SENTENCING OHIO REVISED CODE 2929 .41 WAS IMPROPER DUE TO THE FACT OF JUDICIAL FACT–FINDING MUST OCCUR BEFORE CONSECUTIVE SENTENCES MAY BE IMPOSED UNDER O.R.C. 2929.14(E)(4).

"IV. KIDNAPPING OHIO REVISED CODE 295.01 NO ELEMENTS OF THE CRIME OF KIDNAPPING WERE PROVEN AT TRIAL. THERE IS NO KIDNAPPING VICTIM.

"V. GUN SPECIFICATIO [SIC] OHIO REVISED CODE 2941.145 GUN SPECIFICATION OF O.R.C. IS IMPROPER AND CONTRARY TO LAW. NONE OF THE ELEMENTS FOR A GUN SPEC. O.R.C. 2941.145 WERE PROVEN AT THE TRIAL."

Appellant also appealed from the trial court's January 25, 2012 Judgment Entry, raising the following assignments of error on appeal:

"I. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL: LINDSEY K. DONEHUE.

"II. INCORRECT CHARGE OF DEGREE OF FELONY: PERJURY O.R.C. 2921.11.

"III. UNITED STATES CONSTITUTIONAL RIGHTS VIOLATION AMENDMENT FOUR.

"IV. UNITED STATES CONSTITUTIONAL RIGHT VIOLATION AMENDMENT SIX: [SIC] FIVE, FOURTEEN.

"V. NO EVIDENCE TO SUPPORT THE ELEMENT OF EITHER CRIME WERE PROVEN."

6

The two cases were assigned Case Nos.2012 CA 000003 and 2012 CA 000008.

Subsequently, via an Opinion filed on July 30, 2012 in State v. Harper, 5th Dist. Nos. 12CA000003, 12CA000008, 2012–Ohio–3541, this Court affirmed the judgment of the trial court in such cases. This Court, in our Opinion, held, in relevant part, as follows:

"Because our disposition of Appellant's five assignments of error in both Appeals requires the same analysis, we shall address said assignments of error together.

" 'Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.' " State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraphs eight and nine of the syllabus.

"In his direct appeal, Appellant asserted three assignments of error, which are set forth supra. To summarize, Appellant's first assignment of error challenged the sufficiency and weight of the evidence; his third assignment of error challenged the effectiveness, or lack thereof, of trial counsel; and his remaining assignment of error challenged the propriety of the jury instructions. As stated supra, we affirmed Appellant's conviction and sentence, finding these assignments of error to be without merit.

"In the instant appeals, Appellant again challenges the sufficiency and weight of the evidence as well as the effectiveness of trial counsel. Because Appellant raised these issues on direct appeal, he is barred by the doctrine of res judicata from relitigating such again.

"Appellant did not, however, on direct appeal, challenge the constitutionality of his conviction and sentence, or the alleged perjury of Detective Sam Williams when he testified

7

regarding Appellant's criminal history. These issues could have been raised on direct appeal. Having failed to do so, Appellant is likewise barred by the doctrine of res judicata to assert these two claims." Id at paragraphs 23–27.

On March 14, 2012, while the above cases were pending, appellant filed a Second Petition for Post–Conviction Relief. Appellant, in his petition, alleged that Deputies had committed an illegal search and seizure of his home without a search warrant, that his wife, who testified against him, was threatened with criminal charges, was lied to by and illegally detained by police and that Detective Sam Williams tampered with evidence, including appellant's Miranda rights form, and that Williams' trial testimony was inconsistent. Appellant also alleged that there was insufficient evidence supporting the kidnapping charge against him and that his conviction was against the manifest weight of the evidence and that his trial counsel, Lindsey Donehue, was ineffective in failing to subpoena two witnesses after appellant asked her about them and in failing to show transcripts to the jury. Appellant also alleged that his bail was excessive and that there was insufficient evidence supporting his conviction for having weapons while under disability. Appellant, in his petition, also alleged that this Court, in our previous opinion, incorrectly stated that appellant was convicted of kidnapping, a felony of the first degree, and a firearm specification to count one while appellant actually was convicted of kidnapping, a felony of the second degree, and was not convicted of a firearm specification as to count one.

Pursuant to a Judgment Entry filed on May 17, 2012, the trial court denied appellant's petition, finding that it was not timely filed and that appellant either raised, or could have raised, the same issues in his direct appeal.

Appellant now appeals from the trial court's May 17, 2012 Judgment Entry denying his Second Petition for Post–Conviction Relief, raising the following assignments of error on appeal:

"I. THE COURT FAILS TO ACKNOWLEDGE FACTUAL FACTS TO SUPPORT THE COURT'S STATEMENTS.

"II. THE COURT FAILS TO ACKNOWLEDGE THE LEGAL DOCUMENTS PROVIDED WITH THE POST–CONVICTION RELIEF.

"III. THE TRIAL COURT FAILS TO ACKNOWLEDGE THE SEVERAL FALSE, INCORRECT, STATEMENTS IN THE STATE OF OHIO'S APPELLEE BRIEF.

"IV. THE TRIAL COURT ERRERED [SIC] IN THE MOTION TO ACQUITTAL (29)(A).

"V. THE TRIAL COUNSEL WAS INEFFECTIVE BY NOT ASKING FOR MOTION FOR ACQUITTAL PROPERLY AND VIOLATIONS OF UNITED STATES CONSTITUTIONAL RIGHT AMEND. SIX."

This Court affirmed the judgment of the trial court on November 5, 2012, finding that the second petition for postconviction relief was untimely, and all issues raised therein were res judicata.

On September 21, 2012, during the pendency of his appeal from the judgment denying his second petition for postconviction relief, appellant filed a petition to vacate or set aside his judgment of conviction and sentence. The trial court denied this petition on September 24, 2012. Appellant appeals, assigning the following errors:

"I. THE SENTENCE IS A VOID SENTENCE AND UNCONSTITUTIONAL SENTENCE AS PURSUANT TO OHIO REVISED CODE 2905.01 KIDNAPPING (A)(1)(2)(A) NO PERSON, BY FORCE, THREAT, OR DECPTION [SIC], OR IN THE CASE OF A VICTIM UNDER THE AGE OF THIRTEEN OR MENTALLY INCOMPETENT, BY ANY MEANS SHALL REMOVE ANOTHER FROM THE PLACE WHERE THE OTHER PERSON IS FOUND OR RESTRAIN THE LIBERTY OF THE OTHER PERSON FOR ANY OF THE FOLLOWING PURPOSES; (1) TO HOLD FOR RANSOM, OR AS A SHEILD [SIC] OR HOSTAGE; (2) TO FACILITATE THE COMMISSION OF ANY FELONY OR

> FLIGHT THEREAFTER; SEE AFFIDAVIT FROM TINA HARPER NEITHER ELEMENT OF THE CRIME OF KIDNAPPING WHERE [SIC] PROVEN AT TRIUAL [SIC].
>
> "II. THE SENTENCE IS A VOID SENTENCE AND UNCONSTITUTIONAL SENTENCE AS PURSUANT TO OHIO REVISED CODE 2941.145; SPECIFICATION CONSERNING [SIC] USE OF A FIREARM TO FACILITATE OFFENSE: THERE IS NO PROOF OR EVIDENCE SUPPORTING THE USE OR FACILITATION OF A FIREARM TO COMMIT THE OFFENSE OF KIDNAPPING.
>
> "III. THE SENTENCE IS A VOID SENTENCE AND UNCONSTITUTIONAL SENTENCE AS PURSUANT TO OHIO REVISED CODE 2923.13 HAVING WEAPONS WHILE UNDER DISABILITY: BALDWINS OHIO PRACTRICE [SIC] KATZ & GANNILLEI OHIO CRIMINAL LAWS AND RULES: ELEMENTS OF THE OFFENSE: PENALTY 5TH DEGREE FELONY THERE WHERE [SIC] NO ELEMENTS TO PROVE THAT THE HAVING WEAPONS WHILE UNDER DISABILITY WAS A THIRD DEGREE FELONY."

*State v. Harper*, 2013 WL 1858606, at *1-3 (Guernsey Co. App. April 26, 2013). The appellate court denied Petitioner's appeal. *Id.* On February 19, 2014, the Ohio Supreme Court declined jurisdiction to hear the appeal. *State v. Harper*, 131 Ohio St.3d at 1414.

On September 5, 2014, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserts that the evidence is constitutionally insufficient to sustain his conviction on kidnaping and his conviction on kidnaping is against the manifest weight of the evidence (claim one); he was denied a fair trial due to improper jury instructions (claim two); he was denied the effective assistance of counsel

10

(claim three); and that he was convicted in violation of the Fourth Amendment (claim four).

Petitioner argues that this case constitutes one of extraordinary circumstances warranting his release. This is so, according to Petitioner, because the evidence is constitutionally insufficient to sustain his conviction on kidnaping and the alleged victim has now recanted. Petitioner alleges that his convictions are the result of prosecutorial misconduct and he was convicted in violation of the Fourth Amendment. Petitioner states that he does not pose a risk of flight and that he needs to be released to repair his relationship with his sons and obtain a job. Finally, Petitioner notes that his prior record includes only one conviction from twenty-five years ago. These arguments fail to establish that Petitioner's release pending a decision on this habeas corpus petition is warranted.

To be released on bail pending a decision on the merits of a habeas petition, a petitioner must show a substantial claim of law based on the facts surrounding the petition and must also present circumstances making the motion for bail "exceptional and deserving of special treatment in the interests of justice." *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (citing *Aronson v. May*, 85 S.Ct. 3, 5 (1964)(Douglas, J., in chambers). "There will be few occasions where a prisoner will meet this standard." *Dotson*, 900 F.2d at 79. Because a habeas petitioner "is appealing a presumptively valid state conviction ... it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993). This is not such a case.

The Ohio Court of Appeals and Ohio Supreme Court have affirmed Petitioner's convictions and sentence on direct appeal and the state courts repeatedly have refused to grant him relief. This Court presumes the factual findings of the state appellate court to be correct. On the merits, Petitioner has the burden of establishing that the state appellate court made unreasonable findings in view of the facts presented. *See Burt v. Titlow*, --- U.S. ---, ---, 134 S.Ct. 10, 16 (2013)(quoting *Harrington v. Richter*, --- U.S. ---, ---, 131 S.Ct. 2011); 28 U.S.C. 2254(d), (e). Without prejudging the merits of the case, the Court finds that Petitioner has not yet made such a showing. Even his claim that the victim recanted is not sufficient at this point to justify bail. "Victim recantations are viewed with great suspicion, especially when the victim has a prolonged and intimate relationship with the defendant...." *Young v. Lafler*, 2010 WL 3210880, at *1 (W.D. Mich. Aug. 10, 2010)(citing *United States v. Willis*, 257 F.3d 636, 645 (6th Cir.2001) and *United States v. Chambers*, 944 F.2d 1253, 1264 (6th Cir. 1991)). Further, this Court is unable to determine whether his claims may be procedurally defaulted or time-barred, and the Respondent has not yet filed a response to the petition. There is therefore nothing so extraordinary about this case that an order of bail should issue.

Under these circumstances, the Magistrate Judge **RECOMMENDS** that Petitioner's request for release be **DENIED.**

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is

made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                                  /s/ Terence P. Kemp
                                                  United States Magistrate Judge