**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**HENRY N. HARPER,**

      **Petitioner,**

      v.

**WARDEN, BELMONT**
**CORRECTIONAL INSTITUTION,**

      **Respondent.**

**CASE NO. 14-CV-01220**
**JUDGE GREGORY L. FROST**
**MAGISTRATE JUDGE KEMP**

## OPINION AND ORDER

On December 18, 2014, this Court issued an *Order* (ECF 18) denying Petitioner's *Motion for Release* (ECF 8). This matter is before the Court on Petitioner's January 21, 2015, *Motion for a Certificate of Appealability* and *Motion to Proceed in forma pauperis on Appeal* (ECF 26, 27).[1] For the reasons that follow, Petitioner's *Motion for a Certificate of Appealability* and *Motion to Proceed in forma pauperis on Appeal* (ECF 26, 27), are **DENIED.**

Petitioner appeals this Court's denial of his *Motion for Release* pending resolution of this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF 8). In support of his *Motion for a Certificate of Appealability*, Petitioner again argues that he is actually innocent, particularly in view of the recantation of the alleged victim, that the evidence is insufficient to sustain his convictions, and that exceptional circumstances exist justifying his release. Finding these arguments to be unpersuasive, on December 18, 2014, the Court denied Petitioner's *Motion for Release.*

---

[1] Petitioner indicates that he provided his Notice of Appeal to prison officials for mailing on January 10, 2015, within thirty days of entry of *Order* he appeals, as required by Rule 4(a)(1)(A). *See Notice of Appeal*, ECF 25, PageID# 2251; *Motion for a Certificate of Appealability,* ECF 27,PageID# 2270. He thereby timely filed the *Notice of Appeal* under the prison mailbox rule, which requires that the *Notice of Appeal* be deemed to have been filed on the date that it is submitted to prison officials for mailing. *See, e.g., Keeling v. Warden, Lebanon Correctional Inst.*, 673 F.3d 452, 456 (6th Cir. 2012) (citing *Cook v. Stegall*, 295 F.3d 517. 521 (6th Cir. 2002) (*Houston v. Lack*, 487 U.S. 266, 273, (1988)).

"[T]he denial or granting of bail is appealable under the collateral order doctrine of *Cohen v. Beneficial Industrial Loan Co.,* 337 U.S. 541 (1949). *Lee v. Jabe*, 989 F.2d 869, 870 (6th Cir. 1992)(citing *Dotson v. Clark*, 900 F.2d 77 (6th Cir. 1990). "[A] certificate of probable cause is a prerequisite to appealing the denial of a bail motion in a habeas proceeding. . . . The same considerations that dictate a certificate of probable cause be required before appealing the denial of a habeas petition apply with equal force to an attempt to appeal an interlocutory and collateral order." *Id.* at 871.

That being the case, where, as here, a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether. . . the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' " *Id.* (citing *Barefoot,* 463 U.S., at 893, and n. 4).

This Court is not persuaded that Petitioner meets this standard with respect to his *Motion for Release* pending resolution of this action. Petitioner's *Motion for Certificate of Appealability,* ECF 27, therefore is **DENIED.**

Petitioner also seeks to proceed *in forma pauperis* on appeal. Under Rule 24(a)(3) of the Federal Rules of Appellate Procedure, a party who was permitted to proceed *in forma pauperis* in the district court may proceed on appeal *in forma pauperis* unless the Court certifies that the appeal is not taken in good faith. *See also* 28 U.S.C.1915(a)(3). As this Court previously has explained,

> The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id*. Accordingly, it would be inconsistent for a district court to determine that a complaint is too frivolous to be served, yet has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 1050 n. 1 (2d Cir. 1983).

*Jordan v. Sheets*, No. 2:10-cv-34, 2012 WL 4442740, at *2 (S.D. Ohio Sept. 25, 2012)(quoting *Frazier v. Hesson*, 40 F.Supp.2d 957, 967 (W.D.Tenn. 1999). However, "the standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." *Penny v. Booker*, No. 05–70147, 2006 WL 2008523, at *1 (E.D.Mich. July 17, 2006)(quoting *United States v. Cahill–Masching*, 2002 WL 15701, * 3 (N.DI ll.Jan.4, 2002).  "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Id.* (quoting *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000)).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal is not in good faith.

Petitioner's *Motion for a Certificate of Appealability* and *Motion to Proceed in forma pauperis on Appeal* (ECF 26, 27), are **DENIED.**

**IT IS SO ORDERED.**

  /s/   Gregory L. Frost
GREGORY L. FROST
United States District Judge

3