**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**HENRY N. HARPER,**

    **Petitioner,**

    **v.**

**WARDEN, BELMONT CORRECTIONAL
INSTITUTION,**

    **Respondent.**

                          **CASE NO. 2:14-CV-01220
JUDGE GREGORY L. FROST
MAGISTRATE JUDGE KEMP**

**OPINION AND ORDER**

On June 23, 2015, the Magistrate Judge issued a *Report and Recommendation* recommending that Petitioner's *Motion for Summary Judgment* (ECF No. 14) be denied and that this action be dismissed. (ECF No. 36.) This matter is before the Court on Petitioner's *Objection* to the Magistrate Judge's *Report and Recommendation* (ECF No. 38), and Respondent's *Response.* (ECF No. 39.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 38) is **OVERRULED**. The *Report and Recommendation* (ECF No. 36) is **ADOPTED** and **AFFIRMED.** Petitioner's *Motion for Summary Judgment* (ECF No. 14) is **DENIED.** This action is hereby **DISMISSED.**

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his *Motion for Summary Judgment* and petition for a writ of habeas corpus as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).[1] Petitioner asserts that his actual innocence justifies equitable tolling of the statute of limitations based on the affidavit of Tina Harper and because the trial transcript indicates that the evidence is constitutionally insufficient to sustain his

---

[1] Respondent does not object to the Magistrate Judge's recommendations, and reiterates the arguments raised in the *Motion to Dismiss.*

convictions. He argues that the state appellate court failed to review the record and that the state courts improperly denied his petitions for post conviction relief. Petitioner asserts that his *Motion to Object* to the appellate court's *Nunc Pro Tunc Judgment Entry* to correct scrivener's errors tolled the running of the statute of limitations, as did his request for grand jury transcripts.

Petitioner has submitted an *Affidavit* from Tina Harper, his spouse, dated January 11, 2012, in which she denies that Petitioner kidnapped her, and indicates that she so informed the prosecutor and defense counsel at and prior to the date of trial. On August 4, 2010, and October 12, 2010, she advised the prosecutor she had not been kidnapped and requested that the charge be dropped. She testified against the charge of kidnapping. (ECF No. 38, PageID# 2427; 2434-35.) Petitioner has submitted portions of the trial transcripts in support of his claim that he is actually innocent of the charge of kidnapping in view of Tina Harper's trial testimony. PageID# 2436-39.

"To establish a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial*." Snyder v. Warden, Marion Correctional Inst.*, No. 2:11-cv-800, 2013 WL 3367863, at *1 (S.D. Ohio July 5, 2013)(evidence already presented at trial or available at that time does not constitute new evidence of actual innocence)(citing *Lenoir v. Warden, Southern Ohio Correctional Facility*, 886 F.Supp.2d 718, 729 (S.D.Ohio 2012) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)); *see also Gulertekin v. Tinnelman–Cooper*, 340 F.3d 415, 427 (6th Cir. 2003)); *see Stout v. Warden, Toledo Correctional Inst.*, 2014 WL 1682824, at *11 (N.D. Ohio April 17, 2014)(citing Schlup, 513 U.S. at 327)(same)). By his own account, Petitioner does not present new evidence in support of his claim of actual innocence. Tina Harper conveyed her

denial of the charge of kidnapping to defense counsel and the prosecutor in the case.  Defense counsel cross-examined her in this regard.

Petitioner further argues, as the basis for his claim of actual innocence, that the evidence is constitutionally insufficient to sustain his convictions, because it failed to conform to the charges against him, the Ohio Court of Appeals misstated the evidence against him, and in view of Tina Harper's *Affidavit* and trial testimony.  However, these issues, and the correctness of the factual findings of the Ohio Court of Appeals[2] are not presently before the Court.  The Court now solely considers whether the one-year statute of limitations of 28 U.S.C. § 2244(d) bars this case from review, or whether Petitioner can establish that equitable tolling nonetheless permits review of his claims.  As discussed, neither evidence already introduced at trial or the *Affidavit* of Tina Harper satisfy the requirement of new evidence required to support a claim of actual innocence.

Petitioner argues that the state appellate court improperly dismissed his post conviction petition(s) as untimely.  He again argues that his filing of a request for grand jury transcripts and his objection to the appellate court's *Opinion Nunc Pro Tunc* to correct scrivener's errors tolled the running of the statute of limitations.  This Court need not address the former of these issues. Regardless of whether the state trial court dismissed Petitioner's post conviction petitions as untimely, the state appellate court affirmed the dismissal of such actions on the basis of *res judicata,* and on this basis the Magistrate Judge gave Petitioner the benefit of concluding that  all of Petitioner's post conviction petitions tolled the running of the statute of limitations under 28 U.S.C. § 2244(d)(2).  *See Report and Recommendation* (ECF No. 36, PageID# 2414-15.)  For the reasons detailed in the Magistrate Judge's *Report and Recommendation*, this Court is not

---

[2] See 28 U.S.C. 2254(e)(1), which provides that "a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

persuaded by Petitioner's contention that either his request for jury transcripts or objection to the appellate court's *Opinion Nunc Pro Tunc* to correct scrivener's errors tolled the running of the statute of limitations under 28 U.S.C. § 2244(d)(2).

      For all of the foregoing reasons and for the reasons discussed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection* (ECF No. 38) is **OVERRULED.** The *Report and Recommendation* (ECF No. 36) is **ADOPTED** and **AFFIRMED.** Petitioner's *Motion for Summary Judgment* (ECF No. 14) is **DENIED.** This action is hereby **DISMISSED**.

      **IT IS SO ORDERED.**

/s/  GREGORY L. FROST
GREGORY L. FROST
United States District Judge
