IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HENRY N. HARPER,

    Petitioner,

    v.

WARDEN, BELMONT CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:14-CV-01220
JUDGE GREGORY L. FROST
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

On July 27, 2015, *Judgment* was entered dismissing Petitioner's *Motion for Summary Judgment* and dismissing this case. (ECF No. 41.) This matter now is before the Court on Petitioner's *Motion for Certificate of Appealability* and *Motion for Leave to Appeal in forma pauperis.* (ECF Nos. 42, 44.) For the reasons that follow, Petitioner's *Motion for Certificate of Appealability* and *Motion for Leave to Appeal in forma pauperis.* (ECF Nos. 42, 44) are **GRANTED.**

The Court denied Petitioner's *Motion for Summary Judgment* and dismissed this case as barred by the one-year statute of limitations provided for in 28 U.S.C. § 2244(d). Petitioner requests the Court to issue a certificate of appealability. Where the Court dismisses a claim on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional

1

claims and one directed at the district court's procedural holding." *Id.* at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*.

The Court concludes that Petitioner has demonstrated that reasonable jurists would debate whether the petition states a valid claim of the denial of a constitutional right and whether the Court was correct in dismissing the case as barred by the one-year statute of limitations.  The Court therefore certifies the following issue for appeal:

> Does the one-year statute of limitations of 28 U.S.C. § 2244(d) bar review of the habeas corpus petition?

Petitioner also has filed a request to proceed *in forma pauperis* on appeal.  Because the filing fee assessment procedures prescribed by the Prison Litigation Reform Act are not applicable to appeals taken in habeas corpus matters, *see Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997), the issue is simply whether Petitioner can afford the $455.00 filing fee for an appeal.  Upon review of his financial affidavit, the Court concludes that he cannot. The Court therefore **GRANTS** Petitioner's request for leave to proceed *in forma pauperis* on appeal.

Petitioner's *Motion for Certificate of Appealability* and *Motion for Leave to Appeal in forma pauperis.*  (ECF Nos. 42, 44) are **GRANTED.**

**IT IS SO ORDERED.**

                                   **/s/ GREGORY L. FROST**
GREGORY L. FROST
United States District Judge